# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WINTER GOINS ) | CIVIL ACTION NO. 1:14-cv-305 |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| JET LENDERS, INC. ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

1

## PARTIES

4. Plaintiff Winter Goins ("Plaintiff") is a natural person who at all relevant times resided in the State of North Carolina, County of Davidson, and City of Welcome.

5. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1) and N.C. Gen. Stat. § 58-70-90(2).

6. Defendant, Jet Lenders, Inc. ("Defendant") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2) and N.C. Gen. Stat. § 58-70-90(3).

7. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

8. Defendant is in the business of giving out short term and high interest bearing loans to consumers.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

10. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a short term payday loan (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect debts.

12. In connection with the collection of the Debt, Defendant began calling Plaintiff's cellular telephone.

13. On April 4, 2013, Plaintiff sent Defendant written correspondence, offering to pay the Debt in $25 monthly installments. *See* April 4, 2013 Correspondence, attached as Exhibit A.

14. In the April 4, 2013 written communication, Plaintiff demanded the "[c]ease and closure of all telephone communication to employment, employer, [and] personal mobile . . . ." Exhibit A.

15. Plaintiff further "[r]equest[ed] to have all communication and correspondence now be written and submitted by either email or regular mail." Exhibit A.

16. Thereafter, Defendant placed telephone calls to Plaintiff's cellular telephone number, including but not limited to, the following dates and approximate times:

    1) April 5, 2013, at 9:02 A.M.;
    2) April 8, 2013, at 5:35 P.M.;
    3) April 9, 2013, at 9:02 A.M.;
    4) April 10, 2013, at 9:41 A.M.;
    5) April 11, 2013, at 9:18 A.M.;
    6) April 12, 2013, at 9:02 A.M.;
    7) April 30, 2013, at 9:15 A.M.;
    8) May 2, 2013, at 9:15 A.M.;
    9) May 14, 2013, at 12:13 P.M.

17. Thereafter, Defendant also placed telephone calls to Plaintiff's place of employment, including but not limited to, the following dates and approximate times:

1) April 10, 2013, at 9:43 A.M.;
2) April 11, 2013, at 9:18 A.M.;
3) April 12, 2013 at 9:08 A.M.;
4) April 13, 2013, at 9:52 A.M.;
5) April 29, 2013, at 9:52 A.M.;
6) April 30, 2013, at 9:15 A.M.;
7) May 1, 2013, at 12:20 P.M.;
8) May 2, 2013, at 9:23 A.M.;
9) May 8, 2013, at 4:41 P.M.;
10) May 14, 2013, at 12:12 P.M.;
11) May 29, 2013, at 11:43 A.M.;
12) July 17, 2013 at 12:21 P.M.;
13) July 25, 2013 at 11:43 A.M.

18. Upon information and belief, all of the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

19. At some of the times identified above, Plaintiff received a voice message left using an artificial or pre-recorded voice.

20. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

21. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

4

22. In the alternative, if Defendant did have Plaintiff's prior express consent to make telephone calls to Plaintiff's cellular telephone number, Plaintiff revoked that consent in writing on April 4, 2013. Exhibit A.

23. Upon information and belief, Defendant placed the telephone calls identified above voluntarily.

24. Upon information and belief, Defendant placed the telephone calls identified above under its own free will.

25. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or pre-recorded voice to place each of the telephone calls identified above.

26. Upon information and belief, Defendant intended to use an automatic telephone dialing system or an artificial or pre-recorded voice to place each of the telephone calls identified above.

27. Upon information and belief, Defendant maintains business records that document all telephone calls placed to Plaintiff.

28. Defendant sent Plaintiff written communication attempting to collect the Debt from Plaintiff on March 8, 2013. See Exhibit A.

29. Defendant's March 8, 2013 written communication failed to that the purpose of such communication is to collect a debt.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff repeats and re-alleges each and every factual allegation contained above.

31. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, in accordance with 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, in accordance with 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, in accordance with 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 75-52(3)

32. Plaintiff repeats and re-alleges each and every factual allegation contained above.

33. Defendant violated N.C. Gen. Stat. § 75-52(3) by causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to Plaintiff under the circumstances.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(3);

b) Awarding Plaintiff statutory damages per violation, in accordance with N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, in accordance with N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, in accordance with N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 75-52(4)

34. Plaintiff repeats and re-alleges each and every factual allegation contained above.

35. Defendant violated N.C. Gen. Stat. § 75-52(4) by placing telephone calls or attempting to communicate with Plaintiff, contrary to her instructions, at her place of employment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(4);

b) Awarding Plaintiff statutory damages per violation, in accordance with N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, in accordance with N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, in accordance with N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 75-54(2)

36. Plaintiff repeats and re-alleges each and every factual allegation contained above.

37. Defendant violated N.C. Gen. Stat. § 75-54(2) by failing to disclose in all communications attempting to collect a debt that the purpose of such communication is to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(2);

b) Awarding Plaintiff statutory damages per violation, in accordance with N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, in accordance with N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, in accordance with N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 9, 2014.

                            Respectfully submitted,

                            /s/ Holly E. Dowd
                            Holly E. Dowd (N.C. Bar No. 37533)
                            Thompson Consumer Law Group, PLLC
                            822 Camborne Place
                            Charlotte, NC 28210

9

Case 1:14-cv-00305-CCE-JEP   Document 1   Filed 04/09/14   Page 9 of 10

(888) 595-9111 ext. 260  
(866) 317-2674 (fax)  
hdowd@consumerlawinfo.com  
Attorneys for Plaintiff